UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
STEPHEN STUART LOPEZ

                      Plaintiff,

   -against-

NASSAU COUNTY SHERIFFS DEPARTMENT,
and NASSAU COUNTY CORRECTIONAL
CENTER,

                      Defendants.
-------------------------------------------------------X

**MEMORANDUM & ORDER**
17-CV-3722 (DRH) (GRB)

**APPEARANCES:**

**For Plaintiff:**
Stephen Stuart Lopez, Pro Se
43-25 Hunter Street Apt 2103 W
Long Island City, NY 11101

**For Defendant:**
Nassau County Attorney's Office
One West Street
Mineola, NY 11501
By:    Liora M. Ben-Sorek, Esq.


**HURLEY, Senior District Judge:**

      Plaintiff, Stephen Stuart Lopez ("plaintiff"), proceeding pro se, brings this civil rights action, pursuant to 42 U.S.C. § 1983 ("Section 1983"), and Article I, Section 12 of the New York State Constitution, against the Nassau County Sheriff's Department and the Nassau County Correctional Center (the "NCCC") (collectively "defendants"). Presently before the Court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court denies defendants' motion without prejudice and orders plaintiff to submit a supplemental affidavit on or before September 5, 2018 specifying the basis upon which his claims are entitled to equitable tolling.

# BACKGROUND

The following facts are taken from the Complaint, are assumed to be true and, for purposes of the pending motion to dismiss, construe in a light most favorable to the pro se plaintiff. In deciding this motion to dismiss, the Court has taken judicial notice of public records, including court filings as well as exhibits which are attached or integral to the complaint. *See Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991): *Sira v. Morton,* 380 F.3d 57, 67 (2d Cir. 2004).

## I. The In Re Nassau County Strip Action

This action arises from a related matter before this Court, *In re Nassau County Strip Search Case*, 99-CV-02844 (DRH) ("Strip Search Class Action") of which plaintiff was a class member. (Defs.' Mem. at 1.) The plaintiffs in the Strip Search Class Action had been arrested on misdemeanor charges, unrelated to weapons or drugs and were thereafter strip searched without individualized suspicion, at the Nassau County Correctional Center ("NCCC") in accordance with a "blanket policy" in effect at NCCC prior to 1999. *In re Nassau County Strip Search Cases*, 461 F.3d 219, 222 (2d Cir. 2006). The Strip Search Class Action involved claims against defendants pursuant to Section 1983 for violations of the class' Fourth, Fifth, Eighth and Fourteenth Amendment rights and Article I, Section 12 of the New York State Constitution. *Id*. Defendants conceded liability and a judgment of liability was eventually entered in favor of the class. *Id*. at 224. By Memorandum & Order dated March 27, 2008, the Court found that the issue of general damages due to the asserted injury to human dignity predominated, and concluded that there was "no reason [to believe] that a jury . . . could not determine an amount of general damages awardable to each member of the class." (Mar. 27, 2008 Order at 7-12.) The parties waived the right to a jury trial and submitted the issue of a general damages determination to the

Court. After an eleven-day bench trial, the Court awarded general damages in the amount of $500.00 per strip search. *In re Nassau County Strip Search Case*, 99-CV-02844 (E.D.N.Y.), Sept. 22, 2010 Order at 65-66.) By Memorandum & Order dated October 19, 2011, the Court held that it would not extend class certification to permit plaintiffs to pursue a class-wide award for "garden-variety" emotional distress damages, and concluded that emotional distress damages beyond those which are inseparable from the injury to human dignity may be awarded only on an individual, case-by-case basis.

Prior to entry of judgment, the Supreme Court issued its decision in *Florence v. Bd. of Chosen Freeholders of the Cnty. of Burlington*, 566 U.S. 318 (2012), holding that a blanket strip search policy for arrestees admitted into the general population at a county jail, without reasonable suspicion, did not violate the Fourth or Fourteenth Amendments. As a result of *Florence*, the Court vacated the portion of the January 16, 2007 Order granting summary judgment to plaintiff class as to liability on the federally-based constitutional claim. The Court held, however, that the claim brought pursuant to the New York State Constitution was unaffected by *Florence*. *See In re Nassau County Strip Search Cases*, 958 F. Supp. 2d 339 (E.D.N.Y. 2013), aff'd, 639 Fed. App'x 746 (2d Cir. 2016). A final judgment was then issued on April 10, 2014, against the defendants and in favor of the plaintiff class on the state constitutional claims awarding each member of the class general damages in the amount of $500.00 per strip search. (*See* Ben-Sorek Declaration ("Ben-Sorek Decl.") Ex. B, Final Judgment, April 10, 2014 ("Final Judgment") at 2.))

In the Final Judgment the Court imposed equitable tolling of the statute of limitations to 180-days from the date of the judgment or, in the event of an appeal, from the issuance of a mandate, for class members to file a lawsuit for special damages beyond that awarded in the

judgment. (*Id*.) On June 16, 2016, the Second Circuit Court of Appeals issued its mandate affirming the prior judgment. (*See* 99:CV-02844, DE 480.) As a result of the equitable toll, individuals who were strip searched anytime from May 20, 1996 to November 16, 1996 would have to file a lawsuit to recover special damages no later than December 13, 2016. The Claims Notice sent to class members informed that should they wish to file their own lawsuit for emotional distress, financial loss, or other items of damages related to their strip search they were free to so do. It further advised class members that a hold on the statute of limitations was placed by the court which continued into effect until 180 days after June 16, 2016 so that they would "have at least until December 13, 2016 to file an individual lawsuit for additional damages."

## II.   The Instant Action

Plaintiff filed the Complaint in this action on June 1, 2017 alleging a Section 1983 claim for violations of his Fourth, Fifth, Eighth and Fourteenth amendment rights, and a violation of Article 1, Section 12 of the New York State Constitution. (Compl. at 3.) Specifically, plaintiff alleges that upon his arrest and admission to the NCCC on July 3, 1996 (Booking No. 1996007512), he was verbally forced "to strip off completely, fully naked and bend and turn in different positions in front of a group of officers." (Compl. at 4.) He alleges that this "bitter and embarrassing situation [ ] severely damaged [his] dignity and emotional well being." (*Id*.) Plaintiff seeks $350,000 for damage to his "human dignity, mental impairment, emotional well being and honor resulting in loss of job, psychiatric treatments for depression and anxiety and disorienting [his] life style." (*Id*. at 5.)

On September 25, 2017, defendants filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). On October 25, 2017, plaintiff filed a "Notice

Requesting One Time Amendment" and a "Notice in Response to Defendant's Motion to Dismiss My Complaint." Defendants filed their reply on November 8, 2017. The Court has fully considered the submissions of the parties.

## DISCUSSION

### I. LEGAL STANDARD - MOTION TO DISMISS

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g., Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The plausibility standard is guided by two principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair

understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.' " *Id*. at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see In re Elevator Antitrust Litig*., 502 F.3d 47, 50 (2d Cir. 2007). Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

In adjudicating a Rule 12(b)(6) motion, a court is entitled to consider:

> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*In re Merrill Lynch & Co*., 273 F.Supp.2d 351, 356–57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part & rev'd in part on other grounds sub nom. Lentell v. Merrill Lynch & Co*., 396 F.3d 161 (2d Cir. 2005). In accordance with the foregoing, this Court may take into consideration the Orders entered in *In re Nassau County Strip Search*, 99-CV- 2844.

Finally, where, as here, the plaintiff is proceeding pro se, courts are "'obliged to construe his pleadings liberally.'" *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir.2008) (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)); *see also McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (stating that a pro se plaintiff's pleadings must be interpreted "to raise the strongest arguments that they suggest" (citation and internal quotation marks omitted)). However, a pro se plaintiff's complaint, while liberally interpreted, still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 Fed. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. 662); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

## II. The Parties' Contentions

Defendants argue that plaintiff's claims are time-barred because the already tolled statute of limitations has expired. Plaintiff concedes that his Complaint was filed past the expiration of the statute of limitations but alleges that he was not at fault. As discussed below, the Court concludes that plaintiff should be given the opportunity to file a supplemental affidavit demonstrating his alleged entitlement to equitable tolling of the statute of limitations.

## III. Applicable Law – Statute of Limitations and Equitable Tolling

The statute of limitations for claims brought under Section 1983 is governed by state law, *Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015) and New York applies a statute of limitations period of three years to such claims. *Gonzalez v. Bronx Cty. Hall of Justice Court Officer Mark Hirschman Shield,* 7421, 2016 WL 354913, at *3 (S.D.N.Y. Jan. 28, 2016). However, in the instant case, given the equitable toll imposed in the Strip Search litigation, plaintiff's claim for special damages expired on December 13, 2016.

Compliance with the statute of limitations is not a jurisdictional bar to claims arising under Section 1983. Consequently, such claims may be subject to equitable tolling." *Gonzalez v. Bronx Cty. Hall of Justice Court Officer Mark Hirschman Shield 7421*, 2016 WL 354913, at *3 (citing *Jefferson v. Kelly*, 2008 WL 1840767 at *4 (E.D.N.Y. Apr. 22, 2008)) (noting in a Section 1983 action "that a statute of limitations is not jurisdictional, but rather is subject to waiver, estoppel, and equitable tolling"); *Moses v. Westchester Cty. Dep't of Corr.*, 951 F. Supp. 2d 448, 456 (S.D.N.Y. 2013) (permitting equitable tolling of claims in a Section 1983 action). "Under the doctrine of equitable tolling, a court may, under compelling circumstances, make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003). "Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir.1996). However, the doctrine is reserved for "rare and exceptional" circumstances. *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir. 2000). Thus, the Second Circuit "has applied the doctrine 'as a matter of fairness' where a plaintiff has been 'prevented in some extraordinary way from exercising his rights, or h[as] asserted his rights in the wrong forum.'" *Johnson*, 86 F.3d at 12 (quoting *Miller v. Int'l Tel. & Tel. Corp.,* 755 F.2d 20, 24 (2d Cir. 1985.

"When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (internal citation omitted). The doctrine is "highly case-specific," and the "burden of demonstrating the appropriateness of equitable tolling

... lies with the plaintiff." *Boos v. Runyon*, 201 F.3d 178, 184-85 (2d Cir. 2000). "[A] court must consider the equities of the excuse offered to explain the delay and may extend the limitations period if warranted." *Smith v. Chase Manhattan Bank*, 1998 WL 642930, at *3 (S.D.N.Y. Sept.18, 1998) (finding equitable tolling appropriate when a plaintiff failed to file within the deadline because the EEOC sent his Notice of the Right to Sue to the wrong address, though the plaintiff had notified the EEOC of an address change).

"The essence of the doctrine [of equitable tolling] is that a statute of limitations does not run against a plaintiff who is unaware of his cause of action." *Cerbone v. Int'l Ladies' Garment Workers' Union,* 768 F.2d 45, 48 (2d Cir. 1985) Where equitable tolling applies, "the statute does not begin to run until the plaintiff either acquires actual knowledge of the facts that comprise his cause of action or should have acquired such knowledge through the exercise of reasonable diligence after being appraised of sufficient facts to put him on notice" *Id.* (internal quotation marks omitted). Equitable tolling is not to be applied liberally; rather, it "applies only when plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances." *Veltri v. Bldg. Serv. 32B–J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004); *see also Nat'l R .R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (stating the equitable tolling doctrine is "to be applied sparingly").

Only in a limited number of cases do extraordinary circumstances exist such that equitable tolling is warranted. *See South v. Saab Cars USA, Inc*., 28 F.3d 9, 12 (2d Cir. 1994) (principles of equitable tolling do not extend to what "is at best a garden variety claim of excusable neglect") (citation and quotation marks omitted). Such cases include those where a plaintiff's mental or physical disability prevented him from handling his legal affairs. *See, e.g., Tsai v. Rockefeller Univ*., 137 F. Supp. 2d 276, 281–83 (S.D.N.Y. 2001); *accord Canales v.*

*Sullivan,* 936 F.2d 755, 756 (2d Cir. 1991) ("[M]ental impairment may warrant equitable tolling of the statute of limitations under some circumstances."). However, "few medical difficulties actually qualify for equitable tolling.*" Kantor–Hopkins v. Cyberzone Health Club*, 2007 WL 2687665, at * 6 (E.D.N.Y. Sept. 10, 2007). Importantly, a "plaintiff is not required to have alleged facts in the complaint that overcome defendants' affirmative defense based on the statute of limitations. *Sexton v. Franklin First Financial Ltd.*, 2009 WL 1706535, at *16 (E.D.N.Y. June 16, 2009).

### IV. The Motion to Dismiss is Denied Without Prejudice

Plaintiff concedes, that he failed to file a timely claim for special damages. Under the tolling period for in the Final Judgment plaintiff had until December 13, 2016 to initiate a lawsuit claiming special damages. This information was specified in the Claims Notice that was mailed to all class members. Plaintiff filed the instant Complaint on June 1, 2017 – 5 ½ months after the expiration of the tolled statute of limitations. (See Compl.) In his opposition to defendants' motion for dismissal, plaintiff asserts that he did not receive the Claims Notice until Mach 18, 2017 – three months after the December 13, 2016 cutoff date. (Pl.'s Opp. Mem. at 2.) Plaintiff contends that one of the reasons for his late receipt of the Claims Notice was his "homelessness condition;" he did not have a permanent address as he was wandering around from one homeless shelter to another. )*Id*.) Although not labeled as such, it appears that this pro se plaintiff seeks equitable tolling for the statute of limitations period.

As a pro se plaintiff's pleadings must be interpreted "to raise the strongest arguments that they suggest", *McPherson*, 174 F.3d at 280, plaintiff should be given the opportunity to show that "extraordinary circumstances" prevented him from filing his claim on time. *See Johnson*, 86 F.3d at 12 (noting that this court has applied equitable tolling doctrine "as a matter of fairness

where a plaintiff has been prevented in some extraordinary way from exercising his rights . . .") (internal quotations omitted). Thus, in an abundance of caution, this Court will allow plaintiff to supplement his opposition to defendants' motion seeking dismissal by submitting an affidavit setting forth facts demonstrating that he acted with reasonable diligence during the time he seeks to have the statute of limitations tolled and demonstrating that the surrounding circumstances are so extraordinary to warrant application of equitable tolling.

In sum, and after careful consideration, the Court concludes that defendants' motion to dismiss on the basis that the claims are time-barred is denied without prejudice and may be renewed following plaintiff's filing of a supplemental affidavit in opposition to defendants' motion.

## CONCLUSION

For the reasons set forth herein, the Court denies defendants' motion to dismiss without prejudice. Plaintiff has to and including September 5, 2018 to file with the Court a supplemental affidavit demonstrating entitlement to equitable tolling of his claims. The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff.

**SO ORDERED.**

Dated: Central Islip, New York         s/ Denis R. Hurley
       July 5, 2018        United States District Judge