UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
STEPHEN STUART LOPEZ

                  Plaintiff,

   -against-

NASSAU COUNTY SHERIFFS DEPARTMENT,
and NASSAU COUNTY CORRECTIONAL
CENTER,

                 Defendants.
---------------------------------------------------------X

**AMENDED MEMORANDUM & ORDER**
17-CV-3722 (DRH) (GRB)

**FILED
CLERK**
12:42 pm, Dec 03, 2020
**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**APPEARANCES:**

**For Plaintiff:**
Stephen Stuart Lopez, Pro Se
43-25 Hunter Street Apt 2103 W
Long Island City, NY 11101

**For Defendant:**
Nassau County Attorney's Office
One West Street
Mineola, NY 11501
By:    Liora M. Ben-Sorek, Esq.

**HURLEY, Senior District Judge:**

      Plaintiff, Stephen Stuart Lopez ("Plaintiff"), proceeding pro se, brings this civil rights action, pursuant to 42 U.S.C. § 1983 ("Section 1983"), and Article I, Section 12 of the New York State Constitution, against the Nassau County Sheriff's Department and the Nassau County Correctional Center (the "NCCC") (collectively "defendants"). By Memorandum & Order dated July 5, 2018, the Court denied without prejudice Defendants' motion to dismiss the complaint as barred by the statute of limitations and directed the Plaintiff to submit a supplemental affidavit on or before September 5, 2018 specifying the basis upon which his claims are entitled to

equitable tolling. That affidavit having been filed, the purpose of this Memorandum is to address Defendant's renewed motion to dismiss.

## BACKGROUND

The following facts are taken from the Complaint, are assumed to be true and, for purposes of the pending motion to dismiss, construed in a light most favorable to the pro se plaintiff. In deciding this motion to dismiss, the Court has taken judicial notice of public records, including court filings as well as exhibits which are attached or integral to the complaint. *See Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991): *Sira v. Morton,* 380 F.3d 57, 67 (2d Cir. 2004).

**I.      The In Re Nassau County Strip Action**

This action arises from a related matter before this Court, *In re Nassau County Strip Search Case*, 99-CV-02844 (DRH) ("Strip Search Class Action") of which plaintiff was a class member. (Defs.' Mem. at 1.) The plaintiffs in the Strip Search Class Action had been arrested on misdemeanor charges, unrelated to weapons or drugs and were thereafter strip searched without individualized suspicion, at the Nassau County Correctional Center ("NCCC") in accordance with a "blanket policy" in effect at NCCC prior to 1999. *In re Nassau County Strip Search Cases*, 461 F.3d 219, 222 (2d Cir. 2006). The Strip Search Class Action involved claims against defendants pursuant to Section 1983 for violations of the class' Fourth, Fifth, Eighth and Fourteenth Amendment rights and Article I, Section 12 of the New York State Constitution. *Id.* Defendants conceded liability and a judgment of liability was eventually entered in favor of the class. *Id*. at 224. By Memorandum & Order dated March 27, 2008, the Court found that the issue of general damages due to the asserted injury to human dignity predominated, and concluded that there was "no reason [to believe] that a jury . . . could not determine an amount of general

damages awardable to each member of the class." (Mar. 27, 2008 Order at 7-12.) The parties waived the right to a jury trial and submitted the issue of a general damages determination to the Court. After an eleven-day bench trial, the Court awarded general damages in the amount of $500.00 per strip search. *In re Nassau County Strip Search Case*, 99-CV-02844 (E.D.N.Y.), Sept. 22, 2010 Order at 65-66.) By Memorandum & Order dated October 19, 2011, the Court held that it would not extend class certification to permit plaintiffs to pursue a class-wide award for "garden-variety" emotional distress damages, and concluded that emotional distress damages beyond those which are inseparable from the injury to human dignity may be awarded only on an individual, case-by-case basis.

Prior to entry of judgment, the Supreme Court issued its decision in *Florence v. Bd. of Chosen Freeholders of the Cnty. of Burlington*, 566 U.S. 318 (2012), holding that a blanket strip search policy for arrestees admitted into the general population at a county jail, without reasonable suspicion, did not violate the Fourth or Fourteenth Amendments. As a result of *Florence*, the Court vacated the portion of the January 16, 2007 Order granting summary judgment to plaintiff class as to liability on the federally-based constitutional claim. The Court held, however, that the claim brought pursuant to the New York State Constitution was unaffected by *Florence*. *See In re Nassau County Strip Search Cases*, 958 F. Supp. 2d 339 (E.D.N.Y. 2013), aff'd, 639 Fed. App'x 746 (2d Cir. 2016). A final judgment was then issued on April 10, 2014, against the defendants and in favor of the plaintiff class on the state constitutional claims awarding each member of the class general damages in the amount of $500.00 per strip search. (*See* Ben-Sorek Declaration ("Ben-Sorek Decl.") Ex. B, Final Judgment, April 10, 2014 ("Final Judgment") at 2.))

In the Final Judgment the Court imposed equitable tolling of the statute of limitations to 180-days from the date of the judgment or, in the event of an appeal, from the issuance of a mandate, for class members to file a lawsuit for special damages beyond that awarded in the judgment. (*Id*.) On June 16, 2016, the Second Circuit Court of Appeals issued its mandate affirming the prior judgment.  (*See* 99:CV-02844, DE 480.) As a result of the equitable toll, individuals who were strip searched anytime from May 20, 1996 to November 16, 1996 would have to file a lawsuit to recover special damages no later than December 13, 2016. The Claims Notice sent to class members informed that should they wish to file their own lawsuit for emotional distress, financial loss, or other items of damages related to their strip search they were free to so do. It further advised class members that a hold on the statute of limitations was placed by the Court which continued into effect until 180 days after June 16, 2016 so that they would have until December 13, 2016 to file an individual lawsuit for additional damages.

## II.     The Instant Action

Plaintiff filed the Complaint in this action on June 1, 2017 alleging a Section 1983 claim for violations of his Fourth, Fifth, Eighth and Fourteenth amendment rights, and a violation of Article 1, Section 12 of the New York State Constitution. (Compl. at 3.) Specifically, plaintiff alleges that upon his arrest and admission to the NCCC on July 3, 1996 (Booking No. 1996007512), he was verbally forced "to strip off completely, fully naked and bend and turn in different positions in front of a group of officers." (Compl. at 4.) He alleges that this "bitter and embarrassing situation [ ] severely damaged [his] dignity and emotional well being."  (*Id*.) Plaintiff seeks $350,000 for damage to his "human dignity, mental impairment, emotional well being and honor resulting in loss of job, psychiatric treatments for depression and anxiety and disorienting [his] life style." (*Id*. at 5.)

## DISCUSSION

I.   **LEGAL STANDARD - MOTION TO DISMISS**

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g., Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The plausibility standard is guided by two principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.  *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.' " *Id*. at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007). Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

> In adjudicating a Rule 12(b)(6) motion, a court is entitled to consider:
>
> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, . . . , and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*In re Merrill Lynch & Co.*, 273 F.Supp.2d 351, 356–57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part & rev'd in part on other grounds sub nom. Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005). In accordance with the foregoing, this Court may take into consideration the Orders entered in *In re Nassau County Strip Search*, 99-CV- 2844.

Finally, where, as here, the plaintiff is proceeding pro se, courts are "'obliged to construe his pleadings liberally.'" *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir.2008) (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)); *see also McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (stating that a pro se plaintiff's pleadings must be interpreted "to raise the strongest arguments that they suggest" (citation and internal quotation

marks omitted)). However, a pro se plaintiff's complaint, while liberally interpreted, still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 Fed. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. 662); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

## II.     The Parties' Contentions

Defendants argue that the Complaint fails to state a claim against the County Defendants, plaintiff's claims are time-barred because the already tolled statute of limitations has expired and Plaintiff is not entitled to equitable tolling and any amended would be futile. Plaintiff contends he has stated claims and that he is entitled to equitable tolling.

## III.    Plaintiff's 1983 Claims are Dismissed.

As a member of the class certified in this action, Plaintiff is bound by the decisions rendered herein. *See Cooper v. Fed. Reserve Bank of Richmond,* 467 U.S. 867, 874 (1984) ("[U]nder elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation."). As noted earlier, in 2013 the Court vacated the portion of the January 16, 2007 Order granting summary judgment to plaintiff class as to liability on the federally-based constitutional claim in view of the Supreme Court's decision in *Florence*. *See In re Nassau County Strip Search Cases*, 958 F. Supp. 2d 339 (E.D.N.Y. 2013), *aff'd*, 639 F. App'x 746 (2d Cir. 2016). Accordingly, Plaintiff's 1983 claim is dismissed.

Having dismissed the federal claim, the next question is whether question is whether Plaintiff is entitled to equitable tolling of his state constitutional claim. It is to that topic the Court now turns.

**III.     Applicable Law – Statute of Limitations and Equitable Estoppel/Equitable Tolling**

The statute of limitations for the remaining claim, viz. violation of the New York State Constitution, is governed by state law, and New York applies a statute of limitations period of three years to such claims. *Gonzalez v. Bronx Cty. Hall of Justice Court Officer Mark Hirschman Shield,* 7421, 2016 WL 354913, at *3 (S.D.N.Y. Jan. 28, 2016). However, in the instant case, given the equitable toll imposed in the *Strip Search* litigation, plaintiff's claim for special damages expired on December 13, 2016. Plaintiff asserts that the statue of limitations should be equitably tolled because he did not get a copy of the relevant notice until March 18, 2017, months after the deadline passed, given that he lived in five different locations during the relevant time frame.

"Equitable estoppel will preclude a defendant from using the statute of limitations as a defense where it is the defendant's affirmative wrongdoing which produced the long delay between the accrual of the cause of action and the institution of the legal proceeding." *Putter v. North Shore Univ. Hosp.*, 7 N.Y.3d 548, 552 (2006) (citations omitted); *see also Abbas v. Dixon,* 480 F.3d 636, 642 (2d Cir. 2007) (citations omitted) ("Under New York law, the doctrines of equitable tolling or equitable estoppel may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.").

To prevail with an equitable estoppel argument under New York law,[1] the plaintiff must articulate particular acts by the defendant that prevented the timely filing of an action. *See Abbas*, 480 F.3d at 642; *see also Bielecki v. Bielecki*, 106 A.D.3d 1454, 1455 (4th Dep't 2013) (requiring "affirmative misrepresentations"); *Duberstein v. Nat'l Med. Health Card Sys., Inc.,*

---

[1] The court notes that both parties cite to federal caselaw regarding equitable tolling, the standard for which is different from that under New York law.

829 N.Y.S.2d 95, 95 (1st Dep't 2007) (requiring "affirmative conduct"). Concealment that is either "careful" or "intentional" may satisfy this requirement. *See Smith v. Cutson,* 188 A.D.2d 1034, 1034 (1992), abrogated on other grounds, *Buran v. Coupal,* 87 N.Y.2d 173 (1995) (reversing a finding of equitable estoppel upon finding no evidence of "intentional concealment" by defendant); *Gen. Stencils, Inc. v. Chiappa,* 18 N.Y.2d 125, 128 (1966) (finding equitable estoppel may apply to affirmative wrongdoing that is "carefully concealed").

To prevail with an equitable estoppel argument, in addition to proving affirmative acts of concealment by the defendant, the plaintiff must meet the due diligence requirement. Specifically, the action must be brought within reasonable time after the facts giving rise to estoppel have ceased. *Prevost v. Hartman*, 103 A.D.2d 842, 843 (2d Dep't 1984) (citation omitted); *see also Golden Budha Corp. v. Canadian Land Co.*, 931 F.2d 196, 200 (2d Cir. 1991) ("The plaintiff is said to bear the burden of establishing that the action has been brought within a reasonable time after the facts forming the basis for the estoppel no longer are operational." (citation omitted)). The outer limit is the "statute of limitations measured from the date when the facts giving rise to the estoppel have ceased to be operational." *Twersky v. Yeshiva Univ.*, 993 F. Supp. 2d 429, 443 (S.D.N.Y. 2014), *aff'd,* 579 F. App'x 7 (2d Cir. 2014) (collecting cases).

Here, Plaintiff does not assert any concealment on the part of the Defendants. Rather, his argument is premised on a lack of notice of the *Strip Search* case and the class notifications sent therein due to his having moved numerous times. There is no allegation that notices were not sent to him or that Defendant knowingly sent them to an address other than Plaintiff's. The absence of any evidence of concealment is fatal to his claim for equitable tolling. *Abbas*, 480 F3d at 642 ("If a plaintiff cannot 'articulate[ ] any acts by defendants that prevented [him] from timely commencing suit' then he has 'failed to meet [his] burden of showing that [he was]

wrongfully induced by defendants not to commence suit.'") (quoting *Doe v. Holy See (State of Vatican City)*, 17 A.D.3d 793, 796, 793 N.Y.S.2d 565 (3d Dept..2005)).

## CONCLUSION

For the reasons set forth herein, Defendants' motion to dismiss is granted. The Clerk of the Court is directed (1) to mail a copy of this Order to the pro se Plaintiff, (2) enter judgment in accordance herewith and (3) close this case. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: Central Islip, New York          s/ Denis R. Hurley
       December 3, 2020                 United States District Judge